UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
WESLEY AND DELCETA PALMER,

                      Petitioners,

-against-

UNITED STATES OF AMERICA,

                      Respondent.
----------------------------------------------------------------x

**REPORT AND RECOMMENDATION**

21-CV-3497 (GRB) (SIL)

**STEVEN I. LOCKE, United States Magistrate Judge:**

By way of Petition dated June 8, 2021, Petitioners Wesley Palmer ("Wesley") and Delceta Palmer ("Delceta" and together "Petitioners"), commenced this action against the United States of America (the "Government" or "Respondent"), the Commissioner of the Internal Revenue Service ("IRS") Charles Rettig, Revenue Agent Rodney Walker ("Agent Walker"), Acting U.S. Attorney General Merrick Garland and Acting U.S. Attorney Mark Lesko to quash IRS summonses served upon Citibank, NA ("Citibank"), Bank of America, NA ("Bank of America") and JP Morgan Chase Bank, NA ("Chase"). *See* Docket Entry ("DE") [1].[1] Presently before the Court, on referral from the Honorable Gary R. Brown, is the Government's motion to dismiss Petitioners' petition to quash the IRS summonses ("Respondent's Motion"). *See* Memorandum in Support of Motion to Dismiss Petitioners' Petition to Quash Internal Revenue Summonses of Revenue Agent Rodney Walker ("Resp. Mem."), DE [18]. For

---

[1] As explained below, the Court has dismissed the action against all defendants except for the Government. *See* June 23, 2021 Electronic Order.

1

the reasons set forth below, the Court respectfully recommends granting Respondent's Motion.

I. **BACKGROUND**

A. **Relevant Facts**

The relevant facts are taken from the Petition and the parties' submissions, and are not in dispute unless otherwise noted.

Wesley and Delceta Palmer are married and residents of the state of New York. *See* Declaration of Wesley Palmer ("Wesley Decl.") ¶¶ 1-2; Declaration of Delceta Palmer ("Delceta Decl.") ¶¶ 1-2. On or about January 4, 2021, Petitioners were contacted by IRS Agent Walker regarding a tax audit for the fiscal years of 2018 and 2019. Memorandum of Law in Support of Petitioners' Petition to Quash Respondent's Summonses ("Pet. Mem."), DE [20] at 8. Agent Walker issued Information Document Requests ("IDRs") to Petitioners seeking, *inter alia*, copies of bank statements, deposit slips and canceled checks for Petitioners' business and personal savings and checking accounts for 2018 and 2019. Resp. Mem. at 1; *see also* Declaration of Revenue Agent Rodney Walker ("Walker Decl.") ¶ 3. In response, Petitioners provided Agent Walker with, *inter alia*, bank statements for parts of 2018 and 2019 from a Chase account that Wesley identified as a business account, printouts of QuickBooks records and photos of business receipts for January through June 2018. Resp. Mem. at 1; Walker Decl. ¶ 12.

On January 21, 2021, Agent Walker interviewed Wesley. Resp. Mem. at 1. Afterwards, Agent Walker issued five additional IDRs to Petitioners regarding their financial records and information for the 2018 tax year including bank statements,

2

deposit slips and cancelled checks from business and personal accounts. Walker Decl. ¶ 6. Petitioners claim Wesley had several phone conversations with Agent Walker, asked for more time to respond to the IDRs because Wesley had pending work deadlines, and assert that Agent Walker "threaten[ed] Mr. Palmer with derision that he ha[d] the authority to get whatever information" he wanted from Petitioners. Pet. Mem. at 8; Wesley Decl. ¶ 9. On March 10, 2021, Wesley claims he provided a full response to all IDRs, but Agent Walker contends that the records were incomplete. *See* Pet. Mem. at 1; Resp. Mem. at 1; Walker Decl. ¶¶ 8, 12. For example, the parties dispute whether personal bank account statements from a Chase account ending in 8865 were provided to the IRS. *See* Pet. Mem. Ex. J at 120-72; Supplemental Declaration of Revenue Agent Rodney Walker ("Walker Supp. Decl.") ¶ 4. Moreover, no records from Citibank or Bank of America were submitted, although Petitioners appear to bank there alleging that Respondent served "three (3) third-party summonses to financial institutions where the Petitioners bank." Affirmation in Opposition by Seidia Roach Bernard ("Bernard Aff.") ¶ 16.

On May 11, 2021, Agent Walker issued three administrative summonses under 26 U.S.C. § 7602 to Citibank, Bank of America and Chase to produce, *inter alia*, banking records including any client communications, account deposit and withdrawal records, wife transfers, monthly statements, loan records, credit card statements and electronic deposit images for Petitioners. *See* Resp. Mem. Ex. D, Ex. E, Ex. F. On May 14, 2021, Agent Walker served the notices and summonses on Petitioners. Walker Decl. ¶ 10. Wesley claims that Agent Walker never informed

3

him that he was not in compliance given what Petitioners had already produced. Pet. Mem. at 9; Wesley Decl. ¶ 13.

### B. Procedural History

On June 8, 2021, Petitioners commenced this action *pro se* moving the Court to quash the three IRS summonses. *See* DE [1] at 2. They subsequently retained counsel. *See* DE [11]. By Electronic Order on June 23, 2021, Judge Brown dismissed the action against all defendants other than the Government. *See* June 23, 2021 Electronic Order. On August 2, 2021, Respondent requested a pre-motion conference to file an anticipated motion to dismiss, which Judge Brown referred to this Court and any subsequent motion for Report and Recommendation. *See* August 3, 2021 Electronic Order. On February 23, 2022, the Government filed its motion to dismiss the petition to quash the IRS summonses. *See* Resp. Mem; United States of America's Reply Memorandum of Law in Opposition to Plaintiffs' Petition Seeking to Quash Internal Revenue Service Summonses ("Resp. Reply"), DE [24]. Petitioners oppose. *See* Pet. Mem. For the reasons set forth below, the Court recommends granting Respondent's Motion.

## II. LEGAL STANDARD

Pursuant to 26 U.S.C. § 7602, the IRS is authorized to issue a summons for the examination of books and records of witnesses, among other things. *See United States v. Euge*, 444 U.S. 707, 712, 100 S. Ct. 874, 878 (1980). Section 7602 provides, in pertinent part:

> (a) Authority to summon, etc.--For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or

4

> the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary is authorized--
>
>> (1) To examine any books, papers, records or other data which may be relevant or material to such inquiry . . . .

26 U.S.C. § 7602(a). "As the language of section 7602 indicates, the summons power of the IRS under the Code is quite broad, and courts are constrained to exercise caution before circumscribing the summons authority." *PAA Mgmt., Ltd. v. United States*, 962 F.2d 212, 216 (2d Cir. 1992) (citing *United States v. Arthur Young & Co.*, 465 U.S. 805, 816, 104 S. Ct. 1495, 1502 (1984) (noting that "the very language of § 7602 reflects . . . a congressional policy choice in favor of disclosure of all information relevant to a legitimate IRS inquiry")).

A district court has jurisdiction to enforce an IRS summons issued to a third-party record keeper, such as a bank. *See* 26 U.S.C. §§ 7402(b), 7603, 7604. The criteria for the enforcement of an IRS summons were set forth in *United States v. Powell*, where the Supreme Court held that the Government is required to make an initial showing that: (a) the investigation is being conducted for a legitimate purpose; (b) the inquiry is relevant to the purpose; (c) the information sought is not already within the Commissioner's possession; and (d) the administrative steps required by the Internal Revenue Code ("IRC") have been followed. *United States v. Powell*, 379 U.S. 48, 57-58, 85 S. Ct. 248, 255 (1964). Once the IRS established its prima facie case, "'the burden shifts to the taxpayer to disprove one of the four *Powell* criteria, or to demonstrate that judicial enforcement would be an abuse of the court's process.'" *Mollison v. United States*, 481 F.3d 119, 122 (2d Cir. 2007) (quoting *United States v.*

5

*Beacon Fed. Savs. & Loan*, 718 F.2d 49, 52 (2d Cir. 1983)). The first prong of the *Powell* criteria, which Petitioners challenge here, is known as the "legitimate purpose test," and it turns on whether the IRS is pursuing its investigation in good faith. *Mollison*, 481 F.3d at 124. "[T]he requirements that a summons have a legitimate purpose and relevance has been interpreted liberally in favor of the IRS," and examples of purposes that would be considered improper are "somewhat extreme," such as "harassing the taxpayer, putting pressure on the taxpayer to settle a collateral dispute, and similar kinds of bad faith abuse." *PAA Mgmt., Ltd.*, 962 F.2d at 216 (citation omitted). The final *Powell* criterion, that the IRS followed the necessary administrative steps in the IRC, also challenged by Petitioners, requires that the person identified as the target of an IRS summons served on a third party receive notice. *Manoussos v. United States*, CV162677JFBARL, 2016 WL 6962100, at *3 (E.D.N.Y. Sept. 6, 2016) (quoting *Haber v. United States*, 823 F.3d 746, 750 (2d Cir. 2016)). Section 7609(a)(1), which prescribes "[s]pecial procedures for third-party summonses," provides that notice must be given to the target of the summons within three days of service, and the "notice shall be accompanied by a copy of the summons which has been served and shall contain an explanation of the right under subsection (b)(2) to bring a proceeding to quash the summons." 26 U.S.C. § 7609(a).

The Second Circuit has held that "the [G]overnment's burden of proof of its compliance with the *Powell* standards is minimal" and can be satisfied through an IRS agent's declaration. *United States v. White*, 853 F.2d 107, 111 (2d Cir. 1988) (citations omitted). Once this preliminary showing has been made, the petitioner's

6

burden of proving that enforcement of the summons would be improper "is a heavy one." *United States v. LaSalle Nat'l Bank*, 437 U.S. 298, 316, 98 S. Ct. 2357, 2367 (1978); *see also White*, 853 F.2d at 111.

### III. DISCUSSION

Applying the standards outlined above, the Government has established a prima facie case to enforce the IRS summonses served upon Citibank, Bank of America and Chase. Through the declaration and supplemental declaration of Agent Walker, Respondent has shown the investigation is being conducted for a legitimate purpose, which is to determine of the tax liability of Petitioners for the fiscal years of 2018 and 2019. Walker Decl. ¶ 2. The summonses sent to the banks are relevant to the purpose of examining Petitioners' financial information for those years in furtherance of this investigation. *Id.* ¶¶ 8, 15. Although Petitioners contend that their responses to the IDRs were complete, *see* Wesley Decl. ¶¶ 6-9, Agent Walker counters that he did not receive financial statements to the Chase account ending in 8865 that Petitioners provided in their submissions to the Court, *see* Pet. Mem. Ex. J at 120-72, and there is no fax transmission page, or other indicia of Petitioners having provided these records to the IRS. Walker Supp. Decl. ¶¶ 4-5; Resp. Reply at 3. Moreover, Petitioners failed to provide records from Citibank or Bank of America, but they do not challenge the relevance of these summonses, and if these banks provide any documents in response, they would be relevant to the investigation. This demonstrates that the information sought from the third parties is not already within the Commissioner's possession. *See* Walker Decl. ¶¶ 12-13. Finally, the

7

administrative steps required by the IRC were followed as Agent Walker served the notices and summonses on Petitioners via certified mail on May 14, 2021 within the three days required under 26 U.S.C. § 7609(a).  Walker Decl. ¶ 10; Resp. Mem. Ex. G.  Accordingly, the Government has established its prima facie case to enforce the summonses.

Next, Petitioners have not met their burden proving that enforcement would be improper.  Specifically, they challenge the first *Powell* criterion arguing that the summonses issued were harassing and the investigation was conducted "in a threatening manner."  Pet. Mem. at 4-5.  Even if Agent Walker communicated to Wesley something to the effect as Petitioners allege, the summonses themselves were issued for a legitimate purpose and are relevant to the investigation as established above.  Without more, Petitioners have not shown that the summonses to the banks were meant to harass because the IRS did not have complete information to determine Petitioner's tax liability for 2018 and 2019.  *See* Walker Supp. Decl. ¶¶ 4-5.  Petitioners also challenge the administrative process, the last *Powell* factor, but as established, Agent Walker completed the necessary steps under the IRC giving proper notice to Petitioners, and nothing more is required.  Accordingly, because Petitioners have not met their heavy burden showing enforcement of the summons would be improper, the Court recommends granting Respondent's Motion.

## IV.   CONCLUSION

For the reasons set forth above, the Court respectfully recommends granting Respondent's Motion and dismiss this case.

## V.     OBJECTIONS

A copy of this Report and Recommendation is being served on all parties by electronic filing on the date below. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days of receipt of this report. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a); *Ferrer v. Woliver*, 05-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. 22 Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
      May 12, 2022                         /s/ Steven I. Locke
                                                                          STEVEN I. LOCKE
                                                                          United States Magistrate Judge